# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2020

Lyle W. Cayce
Clerk

No. 19-50965
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EMMANUEL JAMES HARRIS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-83-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Emmanuel James Harris pleaded guilty to being a felon in possession of a firearm and was sentenced to 120 months in prison. He now appeals the procedural reasonableness of his within-Guidelines sentence. Because Harris did not object in the district court, we review the procedural reasonableness of his sentence for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under plain-error review, Harris must show a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear or obvious error that affects his substantial rights. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). If he succeeds, we may correct the error only if allowing the error to stand would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up).

First, Harris argues the district court plainly erred by failing to consider the sentencing factors in 18 U.S.C. § 3553(a). Where, as here, a sentence falls within the applicable Guidelines range, we infer that the district court "has considered all the factors for a fair sentence set forth in the Guidelines." *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). In light of this inference, Harris's conclusory assertion that the district court did not consider the § 3553(a) factors is insufficient to show plain error.

Harris next argues the district court plainly erred by failing to provide any reason for its sentencing decision. "While a district court errs by failing to explain a sentence, the effect of that error on our review for reasonableness is diminished when the sentence is within the Guidelines range." *Mondragon-Santiago*, 564 F.3d at 365. Although failing to provide any explanation for a sentence is clear or obvious error, Harris has not even argued that the error affected his substantial rights. *See id.* at 362-64. As a result, Harris has not shown the district court committed reversible plain error. *See id.* at 365 (holding there is no reversible plain error when a defendant fails to show that an explanation would have changed his sentence).

AFFIRMED.